**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TRUSTEES OF THE LABORERS'
DISTRICT COUNSIL AND
CONTRACTORS' PENSION FUND,**

      **Plaintiff,**

  v.

**JERRY L. MASSIE,**

      **Defendant.**

**Case No. 2:14-cv-102**

**Judge Peter C. Economus**

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court for consideration of United States' Magistrate Judge King's Report and Recommendation ("R & R") (ECF No. 9) to deny Plaintiffs', Trustees of the Laborers' District Council and Contractors' Pension Fund of Ohio ("Plaintiffs"), motion for default judgment. Plaintiffs filed an Objection (ECF No. 10) to the R & R. For the reasons that follow, the Court held and evidentiary hearing before deciding the pending objection.

**I.**    **Background**

    **A.**    **Procedural History**

      Plaintiffs administer a multiemployer pension fund pursuant to a trust agreement ("The Trust Agreement"). On May 29, 2012, Plaintiffs filed a separate action in this Court against Excel Contracting, Inc. ("Excel"), and I Construct, LLC ("I Construct"). *Trustees of the Laborers' District Council and Contractors' Pension Fund of Ohio v. Excel Contracting, Inc. et al.*, No. 2:12-cv-00462 (S.D. Ohio) (hereinafter "2:12-cv-00462"). In 2:12-cv-00462, Plaintiffs alleged violations of the Trust Agreement and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments of 1980 ("MPPA"), 29 U.S.C. § 1001, *et seq.* Specifically, Plaintiffs alleged that Excel withdrew from

the multiemployer pension fund and was thereby subject to withdrawal liability pursuant to the terms of the Trust Agreement and the MPPA amendments to ERISA.

Plaintiffs moved for summary judgment in that case. On April 3, 2014, Magistrate Judge King recommended that Plaintiffs' Motion for Summary Judgment be granted and that Plaintiffs be awarded a total of $273,837.44 in withdrawal liability, interest, liquidated damages, attorneys' fees, and costs for the period of January 8, 2012 until January 7, 2014. (2:12-cv-00462, *Report and Recommendation*, ECF No. 42.) On May 20, 2014, the undersigned issued an Order adopting the Magistrate Judge's R & R. (2:12-cv-00462, ECF No. 45.)

While 2:12-cv-00462 was proceeding, Plaintiffs filed this action on January 28, 2014 against Defendant Jerry L. Massie ("Defendant"). In this case, Plaintiffs allege that Defendant, an individual, owned one hundred percent of the outstanding shares of Excel and one hundred percent of the membership shares of I Construct. (ECF No. 1.) Plaintiffs also allege that Excel executed a collective bargaining agreement that bound Excel to the terms of the Trust Agreement and required Excel to submit contributions to the pension fund administered by Plaintiffs. *Id.* Plaintiffs further asserted that Excel withdrew from the pension plan and thereby incurred withdrawal liability.

After filing the Complaint in this action, Plaintiffs executed service of process pursuant to S.D. Ohio Civ. R. 4.2. Defendant failed to respond to the Complaint. Thereafter, on March 16, 2014, the Clerk entered default pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 7.) Plaintiff then filed the Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2).

**B.** **Magistrate Judge King's Report and Recommendation**

Magistrate Judge King issued an R & R, recommending that Plaintiffs Motion for Default Judgment be denied and that this case be dismissed. (ECF No. 9.) In the R & R, the Magistrate

2

Judge found that Plaintiffs' Complaint failed to allege facts establishing Defendant's individual liability.

In the Complaint, Plaintiffs allege that Defendant "is and was, at all times a member of the same controlled group as Excel within the meaning of the Internal Revenue Code and ERISA, 29 U.S.C. §§ 1301(b)(1)." Plaintiffs assert that as the member of a common controlled group, Defendant can be held individually liable.

Magistrate Judge King noted that although common control permits related business entities to be held liable as a single employer, common control cannot be used against the individual defendants absent allegations that the corporate veil should be pierced or that the employer was the alter ego of the defendant. *See Board of Trustees of Plumbers, Pipe Fitters, Mechanical Equipment Service, Local Union 392 Pension Fund v. Airstream Mechanical*, No. 1:08cv901, 2010 WL 3656036, at * 6 (S.D. Ohio Aug. 11, 2010) ("Because the MPPAA refers only to 'trades or businesses' under common control, individual shareholders or officers are generally not liable for withdrawal liability under the MPPAA unless they can be considered sole proprietorships or can be reached through an alter ego or veil piercing theory."); *Id.* ("Although the 'common control' theory permits business entities to be held liable as a single 'employer,' the same theory cannot be used against the individual defendants."). The Magistrate Judge found that Plaintiffs allege no facts that would pierce the corporate veil and that would establish Defendant's individual liability. (EFC No. 9 at 7.)

### C.     **Plaintiffs' Objection**

Plaintiffs filed an Objection to the R & R, requesting that this Court overrule the R & R and enter default judgment in favor of Plaintiffs. (ECF No. 10.) Plaintiffs made two specific objections. First, Plaintiffs objected to the Magistrate Judge's determination that Plaintiffs did

not support their Motion with a sworn statement. Plaintiffs noted that they have remedied their filing error.

Second, Plaintiffs objected to the Magistrate Judge's recommendation to dismiss the case because plaintiff did not sufficiently plead facts that could render Defendant liable for damages in his individual capacity. Plaintiffs argued that Defendant can be held liable under common control theory. Plaintiffs agreed with the Magistrate Judge that they offered no allegations or arguments regarding piercing the corporate veil. (ECF No. 10.) Instead, Plaintiffs asserted a different theory altogether, *i.e.*, Plaintiffs assert that Defendant can be held individually liable because he operated a sole proprietorship in a controlled group with Excel Contracting, Inc., and I Construct LLC. Plaintiffs stated that Defendant acted as a landlord, and through rental activities as a sole proprietor. *See Messina Prods., LLC*, 706 F.3d at 882-84; *Marvin Hayes Lines, Inc.*, No. 3-84-0906, 1989 U.S. Dist. LEXIS 7888*; Lloyd L. Sztanyo Trust*, 693 F. Supp. at 537-38; *Posnik*, No. 87CV72155DT, 1988 U.S. Dist. LEXIS 17900.

### C. District Court Order

This Court issued an Order that discussed Plaintiff's Objection. The Court sustained Plaintiffs first objection because the issue had been rendered moot.

The Court determined that more evidence was necessary before it could rule on Plaintiffs' second objection. The Court agreed that if Defendant acted as a sole proprietor, he could be held individually liable under a common control theory. "All businesses under common control are treated as a single employer for purposes of collecting withdrawal liability, and each is liable for the withdrawal liability of another." *Airstream Mech.*, 2010 WL 3656036, at *9. "To impose withdrawal liability on an organization other than the one obligated to the Fund, two conditions must be satisfied: 1) the organization must be under 'common control' with the

obligated organization, and 2) the organization must be a trade or business." *Bd. of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Palladium Equity Partners, LLC*, 722 F. Supp. 2d 854, 858 (E.D. Mich. 2010) (quoting *McDougall v. Pioneer Ranch Ltd. P'ship,* 494 F.3d 571, 577 (7th Cir. 2007)). "If common control does exist among a group of trades or businesses, the commonly controlled group of trades or businesses is treated as a single employer [and] . . . each trade or business would possess joint and several liability for withdrawal liability." *Cent. States, Se. & Sw. Areas Pension Fund v. Bay*, 684 F. Supp. 483, 485 (E. D. Mich. 1988).

Ultimately, the Court found that it had insufficient information to determine whether Defendant acted as a sole proprietor. Plaintiffs provided no evidence to the Court. Therefore, the Court scheduled an evidentiary hearing pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

The Court directed Plaintiffs to provide evidence establishing Defendants' landlord activities and sole proprietorship activities.

### E. Evidentiary Hearing

At the evidentiary hearing, Plaintiffs' counsel provided real estate records, rent checks, and tax documents. Plaintiffs' counsel also articulated, for the record, how the evidence demonstrated that Defendant acted as a sole proprietor through rental activities.

## II. Analysis

After careful examination, the Court finds that Plaintiffs have thoroughly demonstrated that defendant operated a sole proprietorship. "A sole proprietorship leasing arrangement clearly constitutes a trade or business includable in a controlled group for purposes of withdrawal liability." *Bay*, 684 F. Supp. at 485; *see, e.g., Board of Trustees of the Western Conference of Teamsters Pension Trust Fund v. LaFrenz,* 837 F.2d 892 (9th Cir. 1988); *Board of Trustees of*

5

*the Western Conference of Teamsters Pension Trust Fund v. H.F. Johnson, Inc.,* 830 F.2d 1009 (9th Cir. 1987); *United Food and Commercial Workers Union v. Progressive Supermarkets,* 644 F. Supp. 633 (D. N.J. 1986). Here, the real estate records presented by Plaintiff establish that Defendant operated and controlled buildings used by Excel and I Construct. The itemized rent checks demonstrate that Defendant collected and deposited rent from Excel and I Construct. Moreover, Plaintiff presented tax records establishing that Defendant made filings as an independent contractor. This evidence demonstrates that Defendant was a landlord and that Defendant leased property to Excel and I Construct. Therefore, because Defendant operated a sole proprietorship leasing arrangement, he is individually liable for damages. Plaintiffs' objection is well taken. Accordingly, the Court shall issue default judgment.

### III. Conclusion

For the reasons discussed above, the Court hereby **SUSTAINS** Plaintiffs' Objection (ECF No. 10) and **ENTERS JUDGMENT** in favor of Plaintiffs and against Defendant Jerry L. Massie in the amount of $214,058.00 representing withdrawal liability; $14,139.87 representing interest for the period January 8, 2012 through January 7, 2014; and $45,639.57 representing liquidated damages; with interest on the unpaid balance (including accrued interest) to be paid at the prime rate in effect on January 8th of each year beginning 2014, as determined by JPMorgan Chase Bank, N.A.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE